IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO NAJERA, JR.,<br>　　ID # 24037645,<br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, et al.,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:25-CV-1879-B-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The undersigned magistrate judge recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute and follow court orders.

## I.  BACKGROUND

On July 18, 2025, the Court received a Prisoner's Civil Rights Complaint from Plaintiff Antonio Najera, Jr., a state detainee at the Dallas County Jail proceeding pro se in this action.  (*See* Dkt. No. 3.)  Najera filed a motion to proceed in forma pauperis ("IFP"), which the undersigned magistrate judge granted.  (*See* Dkt. Nos. 4, 7.)  Even so, because Najera was incarcerated when he filed the complaint, the undersigned informed him of his obligation to pay the applicable filing fees in installments and provided for the agency having custody of Najera to make payments from his trust account.  (*See* Dkt. No. 7 at 1-2.)  The order also provided

---

[1] By Special Order No. 3-251, this pro se case has been referred for judicial screening.

for process to be withheld pending the completion of judicial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.  (*Id.* at 2.)

On May 14, 2026, the undersigned entered an Order Requiring Plaintiff to Inform Court of Intent to Proceed based on public records showing that Najera is no longer incarcerated at the Dallas County Jail.  (*See* Dkt. No. 9.)  Najera has not informed the Court of a change of address, as he has been instructed to do.  (*See* Dkt. Nos. 2, 7.)  Najera was ordered, therefore, to file a document entitled "Notice of Intent to Proceed" by June 15, 2026, if he wishes to proceed with this action.  (Dkt. No. 9. at 1.)  The order warned that if Najera failed to do so, the Court would consider him to have abandoned this action and may recommend dismissal of this case for failure to prosecute or follow orders of the Court.  (*Id.* at 1-2.)

Najera's deadline to manifest an intent to proceed in this action has passed, and he has not filed a notice of intent to proceed or filed any other document. Additionally, the undersigned's May 14, 2026 order has been returned undelivered, corroborating that Najera is no longer incarcerated at the Dallas County Jail and that he has failed to notify the Court of his current address.  (Dkt. No. 10.)

## II.  LEGAL STANDARDS AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases,

2

and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Najera's failure to notify the Court of his intent to proceed in this action and failure to provide the Court with his current address prevents this case from progressing. The undersigned therefore recommends that this action be dismissed without prejudice under Rule 41(b).

## III.  RECOMMENDATION

The Court should dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on June 18, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4